UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH M. NJEMA, | Case No. 13-CV-0519 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

Jonathan L.R. Drewes, DREWES LAW, PLLC, for plaintiff.

Charles F. Webber and Jessica Z. Savran, FAEGRE BAKER DANIELS LLP, for defendant.

This matter is before the Court on plaintiff Kenneth Njema's objection to the July 7, 2015 Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron.[1] Judge Mayeron recommends that the motion for summary judgment by defendant Wells Fargo Bank, N.A. ("Wells Fargo") be granted in part and denied in part and that all of Njema's claims against Wells Fargo—with the exception of his claim for

---

[1]Njema also filed a pro se "Notice of Error and Preservation of a Claim of Error." ECF No. 229. Njema is represented by counsel, however, and therefore Njema must communicate with the Court through that counsel; the Court will not consider any pro se filings from Njema. *See United States v. Pate*, 754 F.3d 550, 553 (8th Cir. 2014); *Kessler v. Crichton*, 221 F.3d 1342 (8th Cir. 2000) (per curiam, unpublished); *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994). Moreover, even if the Court did consider Njema's filing, that filing would not change the Court's decision. Much of Njema's filing is difficult to understand—and, to the extent that it is understandable, the filing reflects misunderstandings of the law or raises matters that are irrelevant to the disposition of Wells Fargo's motion.

trespass—be dismissed. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with Judge Mayeron's analysis and adopts her R&R.[2]

Only one issue needs to be addressed, and, in light of the fact that Judge Mayeron thoroughly described the relevant facts, the Court need only briefly summarize those facts here. Njema borrowed more than $178,000 to purchase a house in Cottage Grove, Minnesota, and pledged the house as security for the loan. Wells Fargo acquired the mortgage loan, which was insured by the United States Department of Housing and Urban Development ("HUD"). The mortgage agreement "does not authorize acceleration or foreclosure if not permitted by regulations of [HUD]." ECF No. 1-1 ¶ 9(d). HUD regulations, in turn, require the mortgagee to "make a reasonable effort to arrange" a "face-to-face interview with the mortgagor" after default, 24 C.F.R. § 203.604(b), and express the "intent" that "no mortgagee shall commence foreclosure or acquire title to a property until the requirements of [the regulations] have been followed," *id.* § 203.500.

Njema fell behind on his payments. After Njema and Wells Fargo discussed, explored, and even attempted alternatives to foreclosure (including a loan modification

---

[2]Njema contends that the R&R contains "several factual errors," but the purported errors that he identifies—such as errors about the precise number of times that Wells Fargo inspected his home and the precise amount that he was behind in his payments—are immaterial to the Court's disposition of Wells Fargo's motion.

and a "short sale" at a lower price), Wells Fargo eventually foreclosed on the mortgage. Although it communicated with Njema by telephone and letter, Wells Fargo did not "make a reasonable effort to arrange" a "face-to-face interview with [Njema]" before foreclosing on his house. 24 C.F.R. § 203.604(b).

Njema sued Wells Fargo, claiming (among other things) that Wells Fargo breached the mortgage agreement by failing to arrange a face-to-face meeting before foreclosing. Wells Fargo conceded that it breached the mortgage agreement, but argued that it was not liable to Njema because he suffered no injury on account of the breach. Judge Mayeron agreed, finding that Njema had not established that he had been damaged by Wells Fargo's failure to arrange a face-to-face meeting, given that there was no evidence that, had such a meeting been held, the outcome would have been different. ECF No. 220 at 15-20.

In his objection to the R&R, Njema asserts that Judge Mayeron mischaracterized his breach-of-contract claim. Njema says that Wells Fargo's breach was not failing to conduct the meeting, but instead foreclosing without first conducting the meeting. Thus, he says, the question is not whether he was damaged by the lack of a meeting, but instead whether he was damaged by the foreclosure. ECF No. 226 at 3-6.

Njema's argument is clever, but ultimately the Court agrees with Judge Mayeron. Under Minnesota law, the measure of damages for breach of contract

is generally the amount of money necessary to put the plaintiff in the position in which he would have been if the defendant had complied with the contract. *See Paine v. Sherwood*, 21 Minn. 225, 232 (1875); *Kellogg v. Woods*, 720 N.W.2d 845, 853 (Minn. Ct. App. 2006); *Peters v. Mut. Benefit Life Ins. Co.*, 420 N.W.2d 908, 915 (Minn. Ct. App. 1988). In other words, to determine whether the plaintiff has been damaged by a breach of contract, the Court compares what actually happened with what would have happened if the defendant had not breached the contract. If there is no difference between the two scenarios, then the plaintiff was not damaged by the breach.

The evidence in the record leaves no doubt that, had Wells Fargo complied with the contract, it would have (1) arranged a face-to-face meeting with Njema and then (2) foreclosed on the mortgage. It is uncontested that Njema pledged his home as security for his loan, and it is uncontested that Njema failed to make loan payments as required. There is simply no reason to believe that Wells Fargo would not have pursued foreclosure or that a face-to-face meeting would have made any difference. The bottom line is that Njema has not been able to make his loan payments for many years, and his estrangement from his co-mortgagor (his sister, who used to share the house and responsibility for the mortgage payments, but moved out of the house long ago) has made his precarious financial situation even worse. No alternative to foreclosure—not another refinancing, not a short sale, not Wells Fargo deciding to allow Njema to continue to live in the home for free—is realistic, and no face-to-face meeting

would have changed that fact. On this record, a reasonable jury could not conclude that, had Wells Fargo not breached the contract, Njema would be in a better situation.

The Court notes that federal district courts in other jurisdictions have reached similar conclusions when presented with similar claims. *See, e.g.*, *Covarrubias v. CitiMortgage, Inc.*, Civil No. 3:14-cv-157, 2014 WL 6968035, at *3 (E.D. Va. Dec. 8, 2014) ("The failure to follow the regulations, however, had no role in any losses suffered by the plaintiff. Rather, Covarrubias's own actions caused the foreclosure and any resulting damages. . . . In light of [borrower's repeated defaults, unemployment, and heroin use], no reasonable jury could find that CitiMortgage's violations of HUD regulations requiring a face to face meeting proximately caused Covarrubias's damages."); *Rourk v. Bank of Am. Nat'l Ass'n*, No. 4:12-CV-42 (CDL), 2013 WL 5595964, at *6 (M.D. Ga. Oct. 11, 2013) ("Even if Defendant had not substantially complied with the requirement that it make a reasonable effort to arrange a face-to-face meeting with Plaintiff, it was Plaintiff's failure to tender a single payment for nearly two years that caused her default status and the foreclosure. Therefore, even if Plaintiff had demonstrated that Defendant failed to make a reasonable effort to arrange a face-to-face meeting with her, she has not established that such a failure caused her any damages."). True, these courts did not apply Minnesota law, but the legal principles that they applied were consistent with Minnesota law.

For these reasons, Njema's objection to the R&R is overruled.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Njema's objection [ECF No. 226] and ADOPTS the July 7, 2015 R&R [ECF No. 220].  IT IS HEREBY ORDERED THAT Wells Fargo's motion for summary judgment [ECF No. 188] is GRANTED IN PART AND DENIED IN PART as follows:

1. Wells Fargo's motion for summary judgment is DENIED as to Njema's claim for trespass.

2. Wells Fargo's motion for summary judgment is GRANTED as to all other claims in the complaint.

Dated:  August 18, 2015

 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge