UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH M. NJEMA, | Case No. 13-CV-0519 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

Kenneth M. Njema, pro se.

Charles F. Webber and Jessica Z. Savran, FAEGRE BAKER DANIELS LLP, for defendant.

This matter is before the Court on plaintiff Kenneth Njema's motion to certify the Court's August 18, 2015 order for interlocutory appeal insofar as the order granted summary judgment on Njema's "face to face" claim against defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Njema has also filed a letter asking that the Court reconsider its grant of summary judgment on that claim. For the reasons given below, Njema's motion and request are denied.

### A. Legal Standards

"Permission to allow interlocutory appeals should . . . be granted sparingly and with discrimination." *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (citation and quotations omitted). To certify an interlocutory appeal under 28

U.S.C. § 1292(b), the Court must find, among other things, that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion . . . ."

Motions to reconsider are prohibited absent the Court's prior permission. D. Minn. L.R. 7.1(j). To obtain such permission, a party must show "compelling circumstances . . . ." *Id.*; *see Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (noting that motions to reconsider are treated as Fed. R. Civ. P. 60(b) motions when directed at non-final orders and require a showing of exceptional circumstances necessitating extraordinary relief).

### B.  Analysis

Njema's claims arise out of Wells Fargo's foreclosure of Njema's mortgage. Njema alleges that Wells Fargo breached the mortgage agreement by foreclosing without first arranging a face-to-face meeting with Njema. The Court granted Wells Fargo's motion for summary judgment on this claim because Njema presented no evidence that he had suffered any harm as a result of the breach.

Njema points to a recent Fourth Circuit decision that reversed the district court's grant of summary judgment on a similar claim. *See Covarrubias v. Citimortgage, Inc.*, No. 14-2420, 2015 WL 5106376 (4th Cir. Sept. 1, 2015). The Fourth Circuit remanded, however, because it found that the plaintiff had "produced evidence demonstrating a

willingness and ability to bring the mortgage current had CMI arranged a face-to-face meeting . . . ." *Id.* at *2. That is precisely the type of evidence that Njema *lacks* in this case; he has never produced a shred of evidence that he had the "ability to bring the mortgage current." *Covarrubias* thus does not establish that there is a controlling question of law as to which there is a substantial ground for difference of opinion, nor does it require the Court to reconsider its earlier decision.

Njema also argues that Wells Fargo violated U.S. Housing and Urban Development ("HUD") regulations by failing to accept a deed in lieu of foreclosure. Wells Fargo produced evidence that it would not accept a deed in lieu of foreclosure because there was another lien on the title. WF App. 238-40. Njema appears to argue that HUD regulations force mortgagees to accept deeds in lieu of foreclosure even when there are junior liens. The authorities that Njema cites, however, do not *require* mortgagees to accept a deed in lieu of foreclosure. *See* 24 C.F.R. § 203.357(a) (stating that the mortgagee "*may* acquire property from one other than a corporate mortgagor by voluntary conveyance from the mortgagor" if certain conditions are met (emphasis added)); ECF No. 229 Ex. A (HUD mortgagee letter mentioning that certain funds may be used to pay off junior liens); *see also Alexander v. JPMorgan Chase Bank, N.A.*, No. 12-0081, 2013 WL 3980316, at *2 (S.D. Tex. Aug. 2, 2013) (noting that a litany of HUD

regulations, including § 203.357, did not prohibit the defendant from pursuing foreclosure as a first resort).

In addition, the only manner in which Njema contends that Wells Fargo's refusal to accept a deed in lieu of foreclosure damaged him is that, had Wells Fargo accepted a deed, Njema would have avoided foreclosure. But Njema still would have *lost title to the property*, just as he lost title to the property in the foreclosure. Njema's loss of title is therefore not attributable to Wells Fargo's refusal to accept a deed, and Njema does not identify any damages he suffered as a result of the foreclosure that he would not have suffered if he had instead conveyed the property to Wells Fargo by deed.

Njema has provided no reason for the Court to certify this case for interlocutory appeal or to reconsider its August 18 order. Njema's motion to certify and request to reconsider are therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to certify for interlocutory appeal [ECF No. 258] is DENIED.

2.  Plaintiff's request that the Court reconsider its August 18 order [ECF No. 261] is DENIED.

Dated: October 22, 2015             s/Patrick J. Schiltz
                                    Patrick J. Schiltz
                                    United States District Judge