UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KENNETH M. NJEMA, | Case No. 13-CV-0519 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

---

Kenneth M. Njema, pro se.

Charles F. Webber and Jessica Z. Savran, FAEGRE BAKER DANIELS LLP, for defendant.

This matter is currently scheduled for trial, and the parties were ordered to file their initial round of trial materials by Monday, November 30, 2015. *See* ECF No. 263. In violation of the Court's order, plaintiff Kenneth Njema did not file anything. The Court contacted him via email to determine the reason for his failure to file any documents, and Njema responded that he does not intend to file any documents because (1) he is waiting for the United States Court of Appeals for the Eighth Circuit to rule on his motion to stay this case and (2) filing documents in this action would place him in contempt of an injunction entered in a different case.

As the Court has already informed Njema, a notice of appeal from a non-appealable order does not deprive this Court of jurisdiction. *See* ECF No. 283 (citing

*State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102 (8th Cir. 1999)).  An order denying a motion to stay a case pending the outcome of other litigation is generally not immediately appealable.  *Cf. Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 290 (1988) (order denying motion to stay federal case pending the outcome of related state-court litigation was not immediately appealable).  Moreover, the Eighth Circuit has now denied Njema's motion for a stay, and Wells Fargo has committed to this Court—and assured Njema—that it will not seek to hold him in contempt for prosecuting this action.  *See* ECF No. 284.

The Court therefore orders Njema to file the documents that were due on November 30 no later than 9:00 a.m. on Monday, December 7, 2015.  If Njema fails to comply with this deadline, the Court will dismiss his remaining claim without prejudice for failure to prosecute.

The Court notes that it is aware of its obligation to consider the efficacy of lesser sanctions, and it has done so.  No lesser sanction would suffice in this case, however.  Njema is a pro se party proceeding *in forma pauperis*.  *See* ECF No. 90.  Monetary sanctions are unlikely to have any effect on him, and in any event would most likely result in more delay—the precise result that the Court is trying to avoid.  In addition, the Court cannot control its docket and manage its calendar unless it can enforce its deadlines.  This is especially true with respect to trial deadlines; trials must be planned

well in advance and consume extensive time and resources both of Court staff and of members of the public. Rescheduling a trial is a major disruption of the Court's calendar and a results in a waste of Court resources.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. No later than 9:00 a.m. on Monday, December 7, 2015, plaintiff must file the trial documents that, pursuant to the Court's final pretrial order [ECF No. 263], were due on November 30.

2. Responses to motions in limine are due no later than 9:00 a.m. on Thursday, December 10, 2015.

3. If plaintiff fails to comply with this order, the Court will dismiss his remaining claim without prejudice.

Dated: December 4, 2015           s/Patrick J. Schiltz
                                  Patrick J. Schiltz
                                  United States District Judge