UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KENNETH M. NJEMA, | Case No. 13-CV-0519 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

---

Kenneth M. Njema, pro se.

Charles F. Webber and Jessica Z. Savran, FAEGRE BAKER DANIELS LLP, for defendant.

Plaintiff Kenneth Njema brought this action challenging the foreclosure of his home by defendant Wells Fargo Bank, N.A. ("Wells Fargo").  The Court granted Wells Fargo's motion for summary judgment as to all but one of Njema's claims, which the Court later set for trial.  After Njema repeatedly violated the Court's orders to file his trial materials, the Court dismissed his remaining claim without prejudice for failure to prosecute.  ECF No. 323.

This matter is before the Court on Njema's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).  Njema's motion is based on dishonest factual assertions and frivolous legal arguments, and thus the motion is denied.

Njema first argues that he did not violate any Court orders because, on December 7, 2015, the Court vacated its earlier trial notice. *See* ECF No. 309 (December 7 letter explaining that the Court would reschedule the trial). Njema ignores, however, that by the afternoon of December 7 (when the Court entered the December 7 letter), he had *already* violated the Court's earlier trial notice as well as the extended deadline that the Court had given him. *See* ECF No. 263 at 6 (requiring the first round of trial materials to be filed by November 30); ECF No. 306 at 3 (ordering Njema to file his materials no later than 9:00 a.m. on December 7). Njema further ignores that, on December 11, the Court entered a *new* trial notice, with new deadlines, and that Njema proceeded to blatantly violate those deadlines. *See* ECF No. 310 (new trial notice); ECF No. 323 (detailing the procedural history of the Court's attempts to bring this case to trial and Njema's obstruction of those attempts). Perhaps nothing more clearly demonstrates the dishonesty of Njema's assertion that the Court never set new trial deadlines than the fact that Njema twice asked the Court to *continue* those new deadlines.[1]  *See* ECF Nos. 313, 317.

---

[1] The Court notes that Njema misrepresents the record in other respects. For example, Njema claims that the United States Court of Appeals for the Eighth Circuit never filed or ruled on his motion to stay this case. *See* ECF No. 329 at 2. Both assertions are false. The Eighth Circuit's docket reflects that Njema's motion to stay was filed on November 25 and that the Eighth Circuit denied it on December 4. *See Njema v. Wells Fargo Bank, N.A.*, Nos. 15-3703, 15-3704 (8th Cir. filed Nov. 25, 2015).

Njema also contends that the Court's January 19, 2016 letter "confused and tricked" him into thinking that his request for a continuance "would suffice for a grant for continuance . . . ." ECF No. 329 at 3. The Court's January 19 letter was in response to Njema's January 18 request to continue the trial deadlines. *See* ECF No. 317. In its January 19 letter, the Court clearly and unequivocally denied that request, *see* ECF No. 318 at 1 ("once again your request that I postpone the deadlines is denied"), and clearly and unequivocally warned Njema that if he did not meet the deadlines set forth in the most recent trial notice, the Court would dismiss his trespass claim without prejudice for failure to prosecute, *see id.* at 2 ("if you fail to meet any of the deadlines set forth in the Second Amended Trial Notice and Final Pretrial Order [ECF No. 310], I will dismiss the trespass claim without prejudice for failure to prosecute for the reasons described in my order of December 4, 2015 [ECF No. 306]").

The Court could not have been clearer in telling Njema that he had to comply with the deadlines in the most recent trial notice. The Court cited ECF No. 310, the docket number of the most recent trial notice, and warned Njema that his failure to comply with the deadlines set forth in that trial notice—which, among other things, required Njema to file trial documents on January 21, *see* ECF No. 310 at 6—would result in dismissal of his trespass claim. Njema's contention that the January 19 letter somehow tricked him into believing that his request for a continuance would have the

effect of continuing those deadlines is preposterous.  Instead, Njema's failure to comply with the January 21 deadline reflects Njema's continuing belief that he can decide for himself whether to obey Court orders.

As for the remainder of Njema's arguments, most of them concern his belief that this case has something to do with a class action pending in the United States District Court for the Southern District of Iowa.  Both this Court and Judge Robert Pratt (who is presiding over the Iowa action) have already explained at length why that belief is baseless, and the Court will not do so again.  The Court notes that Njema questions the Court's jurisdiction to dismiss his case based on his apparent belief that his filing motions in the Iowa case somehow divested this Court of jurisdiction, but Njema cites no authority to support this belief, and he is wrong.

Finally, Njema cites various factors that courts must consider when deciding whether to dismiss a case for failure to prosecute and contends that none of those factors is present in this case.  To the contrary, as the Court detailed in its dismissal order, *all* of those factors call for dismissal of Njema's trespass claim:  Njema refused to comply with the Court's orders on three separate occasions; the Court considered a lesser sanction, but concluded that anything less than dismissal without prejudice of his remaining claim would not be sufficient; and, despite Njema's current assertions, there can be no doubt that his conduct was knowing, intentional, and willful.

This case has been dismissed, and judgment has been entered. If Njema wants to continue to litigate this case, he should appeal to the United States Court of Appeals for the Eighth Circuit and make his arguments before that court.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's Fed. R. Civ. P. 59(e) motion [ECF No. 327] is DENIED.

Dated: January 27, 2016	s/Patrick J. Schiltz  
                                                Patrick J. Schiltz  
                                                United States District Judge